**ORIGINAL**

FLORENCE T. NAKAKUNI    #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, Jr.    #3740
Chief, Fraud and Financial Crimes Section

MARSHALL H. SILVERBERG    #5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:    Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  14-00911 BMK |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | Date: |
| | ) | Time: |
| MATSON TERMINALS, INC., | ) | Judge: |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, MATSON TERMINALS, INC., and its attorney, Lisa Woods Munger, Esq., have agreed upon the following:

4995572.1

1. The defendant is a company incorporated under the laws of the State of Hawaii. It acknowledges that it has been charged in an Information with two counts of unlawfully discharging refuse, to wit, molasses, in violation of the Rivers and Harbors Act of 1899, 33 U.S.C. § 407. Both offenses are Class A misdemeanors, pursuant to 18 U.S.C. § 3559(a)(6).

2. The defendant has read the charges against it contained in the Information, and those charges have been fully explained to it by its attorney.

3. The defendant fully understands the nature and elements of the crimes with which it has been charged in the Information and the defendant acknowledges for purposes of this plea agreement that it is liable for the acts or omissions of its agents and employees acting within the scope of their employment and for the benefit of the corporation.

4. The defendant will enter voluntary pleas of guilty to both counts charged in the Information. In addition, the parties agree that the appropriate disposition of this case is a sentence to a total penalty of $1 million ($1,000,000), with $400,000 of that sum constituting a criminal fine and the balance of $600,000 constituting a community service payment with $300,000 to the Waikiki Aquarium (a division of the University of Hawaii), to support their Coral Programs and Invasive Algae Clean-ups; and $300,000 to

Sustainable Coastlines Hawaii – to inspire local communities to care for their coastlines through beach clean-ups.

5. In addition, the defendant must pay a total special assessment of $250.00. The parties further agree that the appropriate disposition of this case does not include a sentence of probation, restitution, or any remedial orders. The government will not seek any other criminal charges against the defendant, its parent companies, its sister subsidiaries, or current or former officers, directors or employees related to the discharge of molasses into Honolulu Harbor from 2012 through the date of this plea agreement by defendant Matson Terminals, Inc.

6. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

7. The defendant also agrees to file with the Court written approval by the defendant, which has manifested its intention and agreement to be bound by corporate authorization, and to have a duly authorized representative appear to enter the plea of guilty on behalf of the defendant. A copy of this written authorization shall be attached hereto as Attachment A and made part of the record.

8. The defendant enters this plea because it is in fact guilty of unlawfully discharging refuse, that is, molasses, into a navigable water of the United States, that is, Honolulu Harbor, as charged in the two counts of the Information. The defendant agrees that its guilty pleas are knowing and voluntary and not the result

of force or threats. The defendant agrees that this Memorandum of Plea Agreement shall be filed with the Court.

   9. The defendant understands and agrees that the potential maximum punishment pursuant to this agreement for each count is: (a) a term of probation of not more than five years, pursuant to 18 U.S.C. § 3561(c)(2); (b) a fine of $200,000, pursuant to 18 U.S.C. § 3571(c)(5); (c) a special assessment of $125, pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii); (d) the community service payment as discussed in Paragraph 4; and that the Court at its discretion may reject this agreement leaving the defendant's right to proceed to trial and the government free to proceed pursuant to any course of conduct it might elect as though there had been no Information entered in this matter or any plea agreement agreed upon.

   10. The defendant admits the following facts:

   (a) The purpose of the Rivers and Harbors Act of 1899, 33 U.S.C. §§ 401-467, is to protect the integrity of navigable waters and the viability of commercial shipping activity by regulating deposits of refuse matter. The Rivers and Harbors Act makes it unlawful to throw, discharge, or deposit refuse matter of any kind into the navigable waters of the United States, except as authorized by law. 33 U.S.C. § 407. This section of the Rivers and Harbors Act is commonly referred to as the "Refuse Act."

   (b) Each act of throwing, discharging, or depositing refuse is punishable, regardless of type or amount. The refuse need

not be an obstruction to navigation.

(c) The term "refuse" has been defined by the Supreme Court as "all foreign substances and pollutants." Molasses is a foreign substance which comes within the definition of "refuse" as used in the Rivers and Harbors Act.

(d) The Rivers and Harbors Act, therefore, imposes a complete ban on the discharge or deposit of foreign substances into navigable waters, regardless of the effect on navigation, except as authorized by law.

(e) The defendant is a company incorporated in Hawaii. It operates a facility near Honolulu Harbor which serves containerships and barges in Hawaii. It is a wholly-owned subsidiary of Matson Navigation Company, Inc.

(f) One of the activities conducted by the defendant at its Honolulu Harbor facility was to load molasses into ships for transportation to the west coast of the United States. The molasses was loaded from storage tanks to the ships via a system of pipes.

(g) The defendant was aware of a letter dated July 31, 2012 from the Department of Transportation, Harbors Division, that reported, among other things, a steady drip of molasses from a pipeline under Pier 51B.

(h) Beginning on or before September 9, 2013, and continuing thereafter until September 10, 2013, an estimated amount of approximately 233,000 gallons of molasses was discharged, without

authorization, from a pipe underneath Pier 51 B into Honolulu Harbor, a navigable water of the United States. The defendant did not have a permit from the Environmental Protection Agency to discharge any quantity of molasses.

   (i) The unlawful discharge of the molasses, from on or before September 9, 2013, through September 10, 2013, caused or contributed to the death of approximately 25,000 fish in Honolulu Harbor. The defendant apologizes to the Court and the community for these discharges of molasses.

   11. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this agreement will not undermine the statutory purposes of sentencing.

   12. Except as otherwise provided under Fed.R.Crim.P 11(c)(1)(C) and Paragraphs 4-5 of this Memorandum of Plea Agreement, the defendant understands and agrees as follows: at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a); the parties agree that Chapter 8 of the United States Sentencing Guidelines Manual governs the case with regard to any payment of restitution, community service, and probation; regarding determinations of an appropriate

fine, however, pursuant to Commentary for U.S.S.G. § 8C2.1, the provisions of § 8C2.2 and § 8C2.0 do not apply to counts for which applicable guideline offense level is determined under Chapter Two, Part Q (Offenses Involving The Environment); for such cases, § 8C2.10 (Determining the Fine for Other Counts) is applicable on an advisory basis; U.S.C.G. § 8C2.10, in turn, directs the Court to apply the provisions of Title 18, United States Code, Sections 3553 and 3572 to determine the appropriate fine.

13. The parties stipulate and agree that the Information and this Memorandum of Plea Agreement, enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, such that a Presentence Report does not need to be prepared. If the Court accepts the defendant's guilty pleas and this Memorandum of Plea Agreement, the parties jointly recommend that the Court immediately impose the sentence set forth in Paragraphs 4-5 of this Memorandum of Plea Agreement and agreed to by the parties. The parties agree that such a recommendation is not binding on the Court and that, if not accepted by the Court, this entire Agreement shall be null and void at the option of any party.

14. The defendant is aware that it would have the right to appeal its conviction under Title 28, United States Code, Section 1291 and Federal Rule of Appellate Procedure 4(b). The defendant also is aware that it would have a right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). The defendant

knowingly waives the right to appeal its conviction and sentence so long as the Court imposes sentence in accordance with the terms of this Memorandum of Plea Agreement. If the Court does not accept this Memorandum of Plea Agreement, or imposes a different sentence than agreed to herein, the defendant will have the option of withdrawing its guilty pleas, and withdrawing from this plea agreement, but will not be able, in the alternative, to appeal the Court's sentence, except if the defendant is not permitted to withdraw its guilty plea.

15. The defendant also waives its right to challenge its conviction and sentence or the manner in which it was determined in any collateral attack, except that the defendant may make such a challenge based on claim of ineffective assistance of counsel or violation of the terms of this Memorandum of Plea Agreement.

16. The defendant understands that by pleading guilty it surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges contained in the Information or any other charges which could be brought via an Indictment, it would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  The defendant and its attorney would have the right to have prospective jurors removed for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict it unless, after hearing all the evidence, it was persuaded of its guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, the prosecution would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those prosecution witnesses and its attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on its own behalf.  If the witnesses for the defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

(e) At a trial, the defendant would have a privilege against self-incrimination so that it could decline to testify, and no inference of guilt could be drawn from its refusal to testify.

17. The defendant understands that by pleading guilty, it is voluntarily, knowingly, and intelligently waiving all of the rights set forth in the preceding paragraph. The defendant's attorney has explained those rights to it, and the consequences of the waiver of those rights.

18. The defendant and its attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce the defendant to plead guilty. Should the Court refuse to accept this agreement, it is null and void and neither party shall be bound thereto.

19. The defendant understands that this Memorandum of Plea Agreement will resolve only the pending criminal investigation into its discharge of the molasses. The defendant understands that there are other civil and regulatory investigations, and possible litigation, related to its discharge of molasses into Honolulu Harbor and that this Memorandum of Plea Agreement does not resolve any of those other matters. In other words, this Memorandum of Plea Agreement does not bind or otherwise restrict other government entities from bringing civil or regulatory charges against the defendant related to the discharge of molasses into Honolulu Harbor.

20. The defendant agrees that if the Court accepts its guilty pleas to the two counts of the Information, it will pay a sum of $400,000 to the United States Treasury within seven days thereafter and $600,000 to the community service organizations within thirty days thereafter. The Defendant will also pay $250.00 immediately to the United States Attorney's Office for its total special assessment. If any of these payments are not made when due, this agreement will be null and void and Defendant's pleas deemed withdrawn.

DATED: Oct. 21, 2014, Honolulu, Hawaii.

AGREED:

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

MATSON TERMINALS, INC.
Defendant
By its  Vice President

LESLIE E. OSBORNE, JR.
Fraud and Financial Crimes
Section Chief

LISA WOODS MUNGER, ESQ.
Attorney for Defendant
MATSON TERMINALS, INC.

MARSHALL H. SILVERBERG
Assistant U.S. Attorney

UNITED STATES v. MATSON TERMINALS, INC.
Cr. No. _____
"Memorandum of Plea Agreement"

11